UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JUDITH RIDER,                        )
                                     )  No. CV-07-297-CI
          Plaintiff,                 )
                                     )  ORDER GRANTING PLAINTIFF'S
v.                                   )  MOTION FOR SUMMARY JUDGMENT
                                     )  AND REMANDING FOR
MICHAEL J. ASTRUE,                   )  ADDITIONAL PROCEEDINGS
Commissioner of Social               )  PURSUANT TO SENTENCE
Security,                            )  FOUR 42 U.S.C. § 405(g)
                                     )
          Defendant.                 )
                                     )

     BEFORE THE COURT are cross-Motions for Summary Judgment. (Ct.
Rec. 17, 20.)  Attorney Maureen j. Rosette represents Plaintiff;
Special Assistant United States Attorney L. Jamala Edwards
represents Defendant.  The parties have consented to proceed before
a magistrate judge. (Ct. Rec. 8.)  After reviewing the
administrative record and the briefs filed by the parties, the court
**GRANTS** Plaintiff's Motion for Summary Judgment and remands the
matter to the Commissioner for additional proceedings pursuant to
sentence four of 42 U.S.C. 405(g).

     Plaintiff applied for Supplemental Security Income (SSI) on
September 5, 2003. (Tr. 53-59.)  She alleges disability due to
depression, arthritis and fibromyalgia with an onset date of
December 1999. (Tr. 69.)  Following a denial of benefits at the
initial stage and on reconsideration, a hearing was held before

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g) - 1

1   Administrative Law Judge (ALJ) Paul Gaughen on January 30, 2007.

2   (Tr. 314-50.)   On February 21, 2007, ALJ Gaughen denied benefits;

3   review was denied by the Appeals Council.   (Tr. 6-8, 10-23.)   This

4   appeal followed.   Jurisdiction is appropriate pursuant to 42 U.S.C.

5   § 405(g).

6                          **STANDARD OF REVIEW**

7       In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the

8   court set out the standard of review:

9       The decision of the Commissioner may be reversed only if
        it is not supported by substantial evidence or if it is
10      based on legal error. *Tackett v. Apfel*, 180 F.3d 1094,
        1097 (9th Cir. 1999). Substantial evidence is defined as
11      being more than a mere scintilla, but less than a
        preponderance. *Id.* at 1098. Put another way, substantial
12      evidence is such relevant evidence as a reasonable mind
        might accept as adequate to support a conclusion.
13      *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the
        evidence is susceptible to more than one rational
14      interpretation, the court may not substitute its judgment
        for that of the Commissioner. *Tackett*, 180 F.3d at 1097;
15      *Morgan v. Commissioner of Social Sec. Admin.* 169 F.3d 595,
        599 (9th Cir. 1999).

16
        The ALJ is responsible for determining credibility,
17      resolving conflicts in medical testimony, and resolving
        ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th
18      Cir. 1995).   The ALJ's determinations of law are reviewed
        *de novo*, although deference is owed to a reasonable
19      construction of the applicable statutes. *McNatt v. Apfel*,
        201 F.3d 1084, 1087 (9th Cir. 2000).

20

21                         **SEQUENTIAL PROCESS**

22      Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the

23  requirements necessary to establish disability:

24          Under the Social Security Act, individuals who are
        "under a disability" are eligible to receive benefits. 42
25      U.S.C. § 423(a)(1)(D). A "disability" is defined as "any
        medically determinable physical or mental impairment"
26      which prevents one from engaging "in any substantial
        gainful activity" and is expected to result in death or
27      last "for a continuous period of not less than 12 months."

28
    ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
    AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
    SENTENCE FOUR 42 U.S.C. § 405(g) - 2

42 U.S.C. § 423(d)(1)(A). Such an impairment must result from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The Act also provides that a claimant will be eligible for benefits only if his impairments "are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . " 42 U.S.C. § 423(d)(2)(A). Thus, the definition of disability consists of both medical and vocational components.

In evaluating whether a claimant suffers from a disability, an ALJ must apply a five-step sequential inquiry addressing both components of the definition, until a question is answered affirmatively or negatively in such a way that an ultimate determination can be made. 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). "The claimant bears the burden of proving that [s]he is disabled." *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). This requires the presentation of "complete and detailed objective medical reports of h[is] condition from licensed medical professionals." *Id*. (citing 20 C.F.R. §§ 404.1512(a)-(b), 404.1513(d)).

## STATEMENT OF FACTS

The facts of the case are set forth in detail in the transcript of proceedings, and are briefly summarized here. Plaintiff was 57 years old at the time of the administrative hearing. (Tr. 328.) She completed 10th grade and completed her high-school equivalency degree. She went to college in the 1980's and graduated with a degree in anthropology from the University of Montana. (Tr. 330-31.) She testified she was married, but separated from her spouse. She has six adult children and helped raise her teenage grandchildren. (Tr. 329, 335.) She testified she is supported by her daughter, and her children and grandchildren assist her with daily chores. (Tr. 335, 341.) Plaintiff had past work experience as a receiving clerk in a department store, a potato sorter and

babysitter. (Tr. 70, 345.) She testified she was in an automobile accident that caused injury to her knees and now she has arthritis in her knees, hips, shoulders, tailbone and ankles. (Tr. 336.) She stated she could pick up 10 pounds, but could not hold on to it, could only sit for 45 minutes to an hour at a time, walk 10 blocks, and stand for a half hour. She reported she could not bend or squat because of her knees. (Tr. 338-39.) She also testified she suffered from depression for which she had been taking Prozac with little relief. She stated she had been taking Prozac since it came out. (Tr. 340.) She reported her depression affected her ability to concentrate and her memory and she could not sustain work. (Tr. 340-41.)

**ADMINISTRATIVE DECISION**

The ALJ found Plaintiff had not engaged in substantial gainful activity. At step two, he found Plaintiff has no medically determinable severe impairments, and "does not have an impairment or combination of impairments that has significantly limited (or is expected to significantly limit) the ability to perform basic work-related activities for 12 consecutive months; therefore the claimant does not have a severe impairment or combination of impairments (20 C.F.R. 416.921)." (Tr. 15.) After a lengthy discussion of the medical evidence, Plaintiff's testimony, and medical expert testimony, the ALJ found Plaintiff was not credible, and her subjective symptom complaints were not sufficient to establish a severe impairment. (Tr. 21.) He concluded she was not "disabled" as defined by the Social Security Act through the date of the decision. (Tr. 23.)

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g) - 4

1          **ISSUES**

2      The question presented is whether there was substantial

3  evidence to support the ALJ's decision denying benefits and, if so,

4  whether that decision was based on proper legal standards.

5  Plaintiff contends the ALJ erred when he found (1) she had no severe

6  impairment; and (2) improperly rejected treating and examining

7  physician opinions; and (3) improperly relied on medical expert

8  testimony.   (Ct. Rec. 18 at 11, 12, 15.)

9          **DISCUSSION**

10     Plaintiff contends the medical evidence submitted regarding her

11 mental and physical impairments is sufficient to satisfy the "*de

12 minimis*" threshold at step two.   She argues the ALJ's erroneous

13 rejection of medical source opinions rendered the ALJ's reliance on

14 medical expert testimony reversible error.

15 **A.   Medically Determinable Impairments**

16     To satisfy step two's requirement of a severe impairment, the

17 claimant must prove the existence of a physical or mental impairment

18 by providing medical evidence consisting of signs, symptoms, and

19 laboratory findings; the claimant's own statement of symptoms alone

20 will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms

21 must be evaluated on the basis of a medically determinable

22 impairment which can be shown to be the cause of the symptoms.  20

23 C.F.R. §§ 404.1529, 416.929.  Once medical evidence of an underlying

24 impairment has been shown, medical findings are not required to

25 support the alleged severity of pain or symptoms.  *Bunnell v.

26 Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991).  However, an overly

27 stringent application of the severity requirement violates the

28
ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g) - 5

1  statute by denying benefits to claimants who do meet the statutory

2  definition of disabled. *Corrao v. Shalala*, 20 F.3d 943, 949 (9th

3  Cir. 1994). Thus, the Commissioner has passed regulations which

4  guide dismissal of claims at step two. Those regulations state an

5  impairment may be found to be "non-severe" *only* when evidence

6  establishes a "slight abnormality" that has "no more than a *minimal*

7  *effect* on an individual's ability to work." *Id.* (*citing Social*

8  *Security Ruling (SSR) 85-28*).

9       The ALJ must consider the combined effect of a claimant's

10  impairments, severe and non-severe, on the ability to function,

11  without regard to whether each alone is sufficiently severe. *See* 42

12  U.S.C. § 423(d)(2)(B)(Supp. III 1991). It is noted on independent

13  review that the ALJ failed to make findings regarding Plaintiff's

14  medically determinable non-severe impairments. (Tr. 15, Finding of

15  Fact 2.) The combined effect of all medically determinable physical

16  and mental impairments should be considered at step three and four.

17  20 C.F.R. § 416.926(a) (c); § 416.945 (a) (2). The failure to do

18  so is legal error requiring remand. *Lester v. Chater*, 81 F.3d 821,

19  830 (9th Cir. 1995). Further, the ALJ's finding that "claimant's

20  medically determinable impairment could reasonably be expected to

21  produce the alleged symptoms," when discussing Plaintiff's

22  credibility, is inconsistent with a finding of "no impairment."

23  (Tr. 17.)

24  **B.  Severe Impairments**

25       The step two inquiry is a *de minimis* screening device to

26  dispose of groundless or frivolous claims. *Bowen v. Yuckert*, 482

27  U.S. 137, 153-154 (1987). The adjudicator's role at step two is

28

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g) - 6

1  further explained by *SSR* 85-28:

2      A determination that an impairment(s) is not severe
       requires a careful evaluation of the medical findings
3      which describe the impairment(s) and an informed judgment
       about its (their) limiting effects on the individual's
4      physical and mental ability(ies) to perform basic work
       activities; thus, an assessment of function is inherent in
5      the medical evaluation process itself. At the second step
       of sequential evaluation, then, medical evidence alone is
6      evaluated in order to assess the effects of the
       impairment(s) on ability to do basic work activities.

7      . . .

8
       If . . . evidence shows that the person cannot perform his
9      or her past relevant work because of the unique features
       of that work, a denial at the "not severe" step of the
10     sequential evaluation process is inappropriate. The
       inability to perform past relevant work in such instances
11     warrants further evaluation of the individual's ability to
       do other work considering age, education and work
12     experience.

13 *SSR* 85-28. The regulations advise the adjudicator that "[g]reat

14 care should be exercised in applying the not severe impairment

15 concept." *Id.*

16     In determining whether a claimant has a severe impairment the

17 ALJ must evaluate the medical evidence submitted and explain the

18 weight given to the opinions of accepted medical sources in the

19 record. The regulations distinguish among the opinions of three

20 types of accepted medical sources: (1) sources who have treated the

21 claimant; (2) sources who have examined the claimant; and (3)

22 sources who have neither examined nor treated the claimant, but

23 express their opinion based upon a review of the claimant's medical

24 records.  20 C.F.R. § 416.927.  A treating physician's opinion

25 carries more weight than an examining physician's, and an examining

26 physician's opinion carries more weight than a non-examining

27 reviewing or consulting physician's opinion. *Benecke v. Barnhart,*

28
   ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
   AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
   SENTENCE FOUR 42 U.S.C. § 405(g) - 7

379 F.3d 587, 592 (9ᵗʰ Cir. 2004); *Lester*, 81 F.3d at 830. "As is the case with the opinion of a treating physician, the Commissioner must provide 'clear and convincing' reasons for rejecting the uncontradicted opinion of an examining physician." *Lester*, 81 F.3d at 830 (citation omitted). If the opinion is contradicted, it can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record. *Andrews,* 53 F.3d at 1043. The testimony of a non-examining medical expert by itself cannot be considered substantial evidence that supports the rejection of an examining physician. *Lester*, 81 F.3d at 831.

Here, Plaintiff submitted psychological evaluations from examining psychologists Deborah Brown, Ph.D., Joyce Everhart, Ph.D., and John Severinghaus, Ph.D. In June 2003, Dr. Brown administered a mini-mental status exam (within normal limits), Trails A and B (within normal limits), a Rey test for malingering, (no malingering exhibited) and a Personality Assessment Index, which showed a "mild exaggeration of symptoms." (Tr. 202.) Dr. Brown diagnosed recurrent major depression and noted Plaintiff "described symptoms of a Borderline Personality Disorder." (Tr. 203.) Dr. Brown also noted Plaintiff's anti-depressant medication did not appear to help her, and suggested adjustments in Plaintiff's medication regime. (*Id.*)

In April 2004, Dr. Everhart administered Trails A and B, the Weschler Memory Scale, and the Hamilton Rating Scale for Depression, which indicated "Severe Depression." Testing revealed no affirmative evidence of malingering. (Tr. 139-41.) Dr. Everhart diagnosed depressive disorder, NOS, and personality disorder, NOS. (Tr. 141.)

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g) - 8

She reported Plaintiff had a good memory, could relate to people, had attention, pace and concentration were within normal limits, but her persistence was compromised by psychological and physical symptoms. (Tr. 142.)

In November 2006, Dr. Severinghaus administered the following objective tests: MMPI-2 (suggests overemphasis of pathology); Test of Memory Malingering (TOMM) ("suggestive" of malingering); Trails A and B (within normal limits); and the Weschler Memory Scale III (within normal limits). (Tr. 211.) He opined she had chronic depressed feelings to a moderate level, and "even if she started counseling again, the likelihood of improvement in her functioning is fairly low." (Tr. 212.) He formally diagnosed dysthmia disorder, NOS; anxiety disorder, NOS; pain disorder; possible malingering; and personality disorder. (Tr. 211.) Noting that "depression and anxiety are primary factors here," Dr. Severinghaus assessed marked restrictions in Plaintiff's ability to interact with the public, with supervisors, with co-workers and in her ability to respond appropriately to work pressures in a normal work setting. (Tr. 216.) Consistent with Dr. Everhart's evaluation, he opined her "pace and persistence" were reduced by her depression. (Tr. 141, 208.) All three psychologists noted Plaintiff was being treated with medication, had been hospitalized for psychiatric problems and had been in counseling. (Tr. 137, 201, 209, 288.)

At the hearing, medical expert Robert Klein, M.D., reviewed the medical evidence and concluded that Plaintiff's mental conditions caused no impairment of activities of daily living, no more than mild limitations in Plaintiff's social functioning, no limitation in

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g) - 9

concentration, persistence and pace, and no episodes of decompensation. (Tr. 318-19.) These opinions conflict with Dr. Brown's and Dr. Severinghaus' findings and are supported only with the conclusions of a non-examining psychologist. (Tr. 143.) The ALJ's rejection of the examining psychologists' diagnoses and opinions on the basis of Dr. Klein's testimony is not supported by substantial evidence. *Lester*, 81 F.3d at 831; *Magallanes v. Bowen*, 881 F.2d 747, 751-52 (9th Cir. 1989).

At step two, the ALJ also reasoned that "the claimant's complaints of pain and limitations are insufficient to establish a severe impairment."[1] (Tr. 21.) However, medical evidence alone is evaluated at step two to assess the effects of impairment(s). The objective medical evidence confirms depression and personality disorder are "bona fide problems." *SSR* 85-28. (Tr. 208.) Further,

---

[1] The ALJ appears to rely on Dr. Severinghaus' report in finding Plaintiff's subjective complaints were "not credible." (Tr. 22.) Contrary to the ALJ's finding that the TOMM results "confirmed malingering," Dr. Severinghaus opined that the TOMM results were "suggestive" of malingering. (Tr. 20, 211.) Further, Dr. Severinghaus stated there was no evidence of malingering in the Weschler testing results, and diagnosed "possible malingering," along with several mental disorders. (Tr. 211.) The ALJ's findings of "malingering" are not supported by substantial evidence sufficient to reject all objective medical evidence from examining medical sources at step two. *See Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g) - 10

1  Plaintiff's subjective complaints are consistent with the diagnosis
2  of depression and personality disorder.   Therefore, these mental
3  conditions are not "groundless under the *de minimis* standard of step
4  two." *Webb*, 433 F.3d at 688.  For step two purposes, the Plaintiff
5  met her burden of providing objective medical evidence consisting of
6  signs, symptoms, and laboratory findings of mental disorders, as
7  well as medical records documenting the ongoing treatment with
8  medication.   20 C.F.R. § 416.926; *Webb*, 433 F.3d at 687.   This
9  evidence establishes more than "slight abnormality" in Plaintiff's
10 mental condition. Remand is necessary for new step two findings and
11 to continue the sequential evaluation process.   On remand, the ALJ
12 shall assess limitations based on all medically determinable severe
13 and non severe impairments.

14 **C.   Obesity**

15     The ALJ also failed to factor in Plaintiff's documented obesity
16 in combination with arthritis, as diagnosed by Dr. Roy Brown, and
17 Plaintiff's diagnosed depression.   (Tr. 132, 160, 196.)[2]   While

18 _____

19     [2] Records from treating physician E. Quick, M.D., indicate a
20 diagnosis of obesity. (Tr. 132.) As discussed in the Commissioner's
21 policy rulings:

22         When establishing the existence of obesity, we
         will generally rely on the judgment of a
23         physician who has examined the claimant and
         reported his or her appearance and build, as
24         well as weight and height. Thus, in the absence
         of evidence to the contrary in the case record,
25         we will accept a diagnosis of obesity given by
         a treating source or by a consultative
26         examiner. However, if there is evidence that
         indicates that the diagnosis is questionable
27         and the evidence is inadequate to determine

28

obesity has been eliminated as a Listing, it can constitute the equivalence of a Listing.  Social Security Ruling 02-01p addresses the significance of obesity in the sequential evaluation process.  The current prefaces to the musculoskeletal, respiratory and cardiovascular body system Listings provide guidance about the potential effects obesity has in causing or contributing to impairments in those body systems.  *See, e.g.,* 20 C.F.R. Part 404, Subpt. P, App. 1, Section 1.00Q.  In addition, according to the Commissioner, "obesity may cause or contribute to mental impairments such as depression."  *SSR* 02-01p. The Ruling recognizes that obesity will constitute a severe impairment when "it significantly limits an individual's physical or mental ability to do basic work activities."  *SSR* 02-01p.

Additionally, obesity must be considered at step four of the process because it can cause postural limitations of function.  An assessment should be made of the effect obesity has upon the individual's ability to perform routine movement and necessary physical activity within the work environment.  *Id.*  Here the ALJ did not adequately consider Plaintiff's obesity at any step of the sequential process.  A failure to consider obesity is reversible error.

---

whether or not the individual is disabled, we will contact the source for clarification, using the guidelines in 20 CFR 404.1512(e) and 416.912(e).

*SSR* 02-01p (*How Is Obesity Identified as a Medically Determinable Impairment*?).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g) - 12

1 **D.    Remedy**

2       Because a step two determination that an impairment is severe

3 "only raises a *prima facie* case of a disability," Plaintiff may not

4 succeed in proving she is "disabled" (as defined by the Social

5 Security Act) at step two.  The full five step sequential evaluation

6 is necessary to ascertain whether there are jobs Plaintiff can

7 perform.   *Hoopai v. Astrue*, 499 F.3d 1071, 1076 (9th Cir. 2007)

8 (*citing Tackett*, 180 F.3d at 1100).  As stated by the *Hoopai* court,

9          [T]he satisfaction of the step-two threshold requirement
           that a claimant prove her limitations are severe is not
10         dispositive of the step five determination of whether the
           non-exertional limitations are sufficiently severe such as
11         to invalidate the ALJ's exclusive use of the [Medical-
           Vocational Guidelines] without the assistance of a
12         vocational expert.

13 *Id*. at 1078.

14       Conversely, a reasonable ALJ may find Plaintiff "disabled" upon

15 consideration throughout the sequential evaluation process of all

16 limitations caused by medically determinable impairments (severe and

17 non-severe) in combination (as required by 20 C.F.R. §§ 404.1523,

18 416.923).  *Stout v. Commissioner, Social Sec. Admin.*, 454 F.3d 1050,

19 1056 (9th Cir. 2006).[3]  Because Plaintiff is prejudiced by the

20 improper exclusion of all diagnosed impairments, physical and

21 mental, as well as obesity, remand for further proceedings is

22 appropriate.   *Id.* at 1057.  On remand, additional medical evidence

23

24       [3]  Plaintiff contends the Medical Vocational Guidelines would

25 dictate a finding of "disabled" if Plaintiff were found limited to

26 sedentary work with non-transferrable skills.  20 C.F.R. Part 404,

27 Subp. P, App. 2, Table 1. (Tr. 290.)

28
ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g) - 13

1  may be submitted, including imaging, additional consultive
2  psychological examinations and, if available, treatment records.
3  Accordingly,

4      **IT IS ORDERED:**

5      1.   Plaintiff's Motion for Summary Judgment **(Ct. Rec. 17)** is
6  **GRANTED.**  The matter is remanded to the Commissioner for additional
7  proceedings pursuant to 42 § U.S.C. 405(g) and the decision above.

8      2.   Defendant's Motion for Summary Judgment dismissal **(Ct.**
9  **Rec. 20)** is **DENIED.**

10     3.   Application for attorney fees may be made by separate
11 motion.

12     The District Court Executive is directed to file this Order and
13 provide a copy to counsel for Plaintiff and Defendant.  The file
14 shall be **CLOSED** and judgment entered for **Plaintiff.**

15     DATED October 10, 2008.

16

17             S/ CYNTHIA IMBROGNO
               UNITED STATES MAGISTRATE JUDGE
18

19

20

21

22

23

24

25

26

27

28

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g) - 14